# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:13-CV-667 |
| (1) CHIPOTLE MEXICAN GRILL, INC.;<br>(2) CHIPOTLE SERVICES, LLC;<br>(3) CHIPOTLE TEXAS, L.L.C.; AND<br>(4) CHIPOTLE MEXICAN GRILL TEXAS HOLDINGS, LLC, | ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendants, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.  MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2.  Defendant Chipotle Mexican Grill, Inc. ("Chipotle Parent") is a corporation organized under the laws of Delaware, with a principal place of business in Denver, CO. Chipotle Parent can be served with process by serving its registered agent: National Registered Agents, Inc.; 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

3.  Defendant Chipotle Services, LLC ("Chipotle Services") is a limited liability company organized under the laws of Colorado, with a principal place of business in Houston, TX.  Chipotle Services can be served with process by serving its registered

agent: National Registered Agents, Inc.; 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

4.      Defendant Chipotle Texas, L.L.C. ("Chipotle Texas") is a limited liability company organized under the laws of Texas, with a principal place of business in Denver, CO.  Chipotle Texas can be served with process by serving its registered agent: National Registered Agents, Inc.; 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

5.      Defendant Chipotle Mexican Grill Texas Holdings, LLC ("Chipotle Texas Holdings") is a limited liability company organized under the laws of Texas, with a principal place of business in Denver, CO.  Chipotle Texas can be served with process by serving its registered agent: National Registered Agents, Inc.; 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

## JURISDICTION AND VENUE

6.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

8.      The defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

9. On October 26, 2010, United States Patent No. 7,822,816 ("the '816 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management."

10. MacroSolve is the owner of the '816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '816 patent against infringers, and to collect damages for all relevant times.

11. Chipotle Parent, Chipotle Services, Chipotle Texas, and Chipotle Texas Holdings (collectively, "Chipotle"), directly or through their customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Chipotle Ordering mobile app(s) products and/or services) that infringed one or more claims of the '816 patent.

12. Chipotle has and is directly infringing the '816 patent.

13. Chipotle has and is indirectly infringing the '816 patent, both as an inducer of infringement and as a contributory infringer.

14. Chipotle infringes directly both (1) through its own use of its mobile app(s) and (2) through the joint use of its mobile app(s) by it and its customers.  Regarding point (2), MacroSolve alleges that Chipotle and its customers are joint infringers because (a) Chipotle is vicariously liable for its customers' use of its mobile app(s) because Chipotle

was the entity responsible for the design of the apps (including by having its agents design the apps) and Chipotle encourages its customers to use its mobile app(s); and alternatively because (b) Chipotle and its customers have acted in concert to use the Chipotle mobile app(s) in a way that performs the steps of the claimed method.  Direct infringement also occurs when Chipotle performs certain steps of the claimed methods and its customers perform others (for example, when Chipotle performs claim 1's steps (a), (b), and (d) and Chipotle's customers perform the remainder of the steps) where Chipotle's customers are under the direction or control of Chipotle and Chipotle is acting as a mastermind.

15. Chipotle's customers also commit acts of direct infringement when they download and use the Chipotle mobile app(s).  They do so because their use of the mobile app(s) performs each step of the claimed methods (including by putting into operation and causing the Chipotle servers to perform certain actions such as steps (a), (b), and (d) of claim 1 of the patent-in-suit in response to commands sent from the mobile app(s)).

16. Chipotle has both induced and contributed to the underlying direct infringement of the '816 patent by Chipotle's customers or by the joint action of Chipotle and its customers.  The direct infringement underlying the indirect infringement claims consist of the direct infringement by its customers or by Chipotle and its customers, as described above.

17. Chipotle induces its customers to use the Chipotle mobile app(s). Chipotle's distribution and promotion of the Chipotle mobile app(s) has no other purpose but to cause its customers to download and use them. Chipotle encourages its customers to download and use its mobile app(s), including, for example, on its website and on the apps' listings in app stores.

18. Chipotle has contributed to the infringement of the '816 patent by making its mobile app(s) available for download and by operating servers (or having its agents operate servers) that can communicate with the mobile app(s), and that can be put into use and operation by Chipotle's customers through the use of the mobile app(s).

19. Chipotle's mobile app(s) have features that have no substantial uses other than the uses that are alleged to infringe the '816 patent. Specifically, the features of the Chipotle mobile app(s) that allow information to be collected from the user of the mobile device and then uploaded to the Chipotle servers have no substantial use other than infringing the patent-in-suit. The use of these features of Chipotle's mobile app(s) for their intended purpose necessarily results in infringement of the '816 patent.

20. Chipotle has or will have knowledge of the '816 patent, as well as the fact that its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the filing of this lawsuit. Additionally, when it launched its mobile app(s), Chipotle took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as MacroSolve, and thus was willfully blind to the existence of the '816 patent. Chipotle thus induces /induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

a. Judgment that one or more claims of the '816 patent have been infringed,

either literally and/or under the doctrine of equivalents, by the defendants and/or all others acting in concert therewith;

   b.  A permanent injunction enjoining the defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

   c.  Judgment that the defendants account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendants' infringing activities and other conduct complained of herein;

   d.  That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendants' infringing activities and other conduct complained of herein;

   e.  That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

   f.  That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 12, 2013      Respectfully submitted,

                /s/ Califf T. Cooper
                Matthew J. Antonelli (lead attorney)
                Texas Bar No. 24068432
                matt@ahtlawfirm.com
                Zachariah S. Harrington
                Texas Bar No. 24057886
                zac@ahtlawfirm.com
                Larry D. Thompson, Jr.
                Texas Bar No. 24051428
                larry@ahtlawfirm.com
                Califf T. Cooper
                Texas Bar No. 24055345
                califf@ahtlawfirm.com

ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000


*Attorneys for MacroSolve, Inc.*